(111 So. 899)

### CONRAD v. STATE. (4 Div. 206.)

(Court of Appeals of Alabama. Jan. 11, 1927.

Rehearing Denied Feb. 1, 1927.)

Lee & Tompkins, of Dothan, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment charged the defendant with murder in the first degree, in that he, unlawfully and with malice aforethought, killed Harris Conrad by shooting him with a pistol. He was arraigned upon the indictment, interposed a plea of not guilty, and the trial resulted in his conviction by the jury of murder in the second degree, and the punishment was fixed by the jury at ten years' imprisonment in the penitentiary. From the judgment of conviction pronounced and entered in accord with the verdict of the jury, this appeal was taken.

The defendant, appellant here, was the father of the deceased. There appears no conflict or dispute in the evidence that the deceased was killed by having been shot with a pistol and that the defendant did the shooting. Several rulings of the court to which exceptions were reserved, and the refusal by the court to give two special charges requested in writing by the defendant, are relied upon to effect a reversal of the judgment of conviction. The two written charges refused to defendant are not numbered or otherwise designated. We have here numbered them 1 and 2 to avoid uncertainty or confusion.

Refused charge 1 (as here numbered) was properly refused. It was erroneous in placing too high a duty upon the court in charging that ·as a matter of law evidence of

good character *is* sufficient to generate a reasonable doubt of the guilt of defendant when considered with other evidence in the case. The law is that evidence of good character when so taken and considered *may* be sufficient to generate such doubt, where in the absence of evidence of good character no such reasonable doubt existed. But, pretermitting the designated vice of this charge, if such defect did not exist, this court would uphold the action of the trial court in refusing said charge, for the reason that the rule of law attempted to be stated in said charge was substantially and fairly given to the jury in the court's general charge, which was very able, full, and comprehensive. This is also true as to refused charge 2, and there was no error in its refusal. Code 1923, § 9509.

█ Appellant first complains that the court erred in sustaining the objection by the state to the question propounded by defendant to his witness Verna Conrad on direct examination wherein he asked her: "If Beasley did not come down to the house with his gun?" This ruling of the court must be approved for several reasons: (1) The question was too general, in that it did not make inquiry as to what house was referred to in the question, or as to the time of Beasley's alleged coming. (2) There was nothing in the question to indicate that the answer sought would relate to the res gestæ or that it would otherwise be admissible or relevant. (3) So far as the question itself is concerned, there is nothing to show or indicate that the proposed answer thereto would be relevant or material. (4) Defendant in a criminal case cannot complain of the sustaining of an objection to a question, an answer to which might or might not have been rendered legal, where he did not state what he expected the witness to answer. (5) "To put the trial court in error in declining to allow a question to be answered, it must have been suggested to the court what it was proposed to prove and how it would be relevant and competent." 1 Mich. Dig. p. 353. Moreover, the witness Verna Conrad was later permitted to answer the question, without objection, wherein she testified:

"Harrison come to the house one time with Beasley, but at the time they come together they did not have a gun."

█ The next insistence of error relates to the ruling of the court in sustaining the state's objection to the question propounded to Lonnie Conrad, where the defendant asked said witness: "What did Beasley say? Was Beasley drinking or not?" This ruling was without error. The discussion above indulged is applicable here, and it affirmatively appears that the time inquired about was several hours before the fatal difficulty, and therefore too remote to form a part of the res gestæ. The relevancy of the expected answer to the question is not apparent, nor was it made known to the court.

██ The remaining insistences of error are predicated upon several exceptions to the rulings of the court upon the cross-examination of defense witness J. D. Whitaker, and to evidence offered by the state in rebuttal and in contradiction of this witness' testimony. The record shows that J. D. Whitaker was introduced by the defendant as his witness, and upon his direct examination he testified that, "he was not taking any interest in the case, and that he did not go to Mrs. Cora Lee Conrad (state's principal witness) the day before the trial and try to get her not to come to court. He testified that they went into Mr. Bullock's home where Mrs. Cora Lee Conrad was, stopping there to warm, and that Judge Burkett and Jasper Burkett were with him; that they did not try to get her not to come to court; did not tell Cora Lee not to come to court; that there would not be anything to it unless she would come."

The defendant having injected this evidence into the trial of the case, the state was properly permitted to cross-examine witness Whitaker with reference thereto, and the several exceptions reserved in this connection are without merit. Nor was there any error in either of the rulings of the court, excepted to, on the examination of Mrs. Harrison Conrad in rebuttal, and in contradiction of Whitaker's testimony. As stated, the defendant voluntarily brought out the fact by Whitaker that he or Judge Burkett or Jasper Burkett did not try to keep this witness from attending court. Having done so, under the elementary rules of evidence the state had the right to prove otherwise, and in allowing the state this opportunity the court did so without error. The insistences of able counsel to the contrary cannot be sustained.

No other questions are presented. The record proper is without apparent error, and, there being no error in any of the court's rulings upon the trial, we must perforce affirm the judgment of conviction from which this appeal was taken. It is so ordered.

Affirmed.